IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Mark A. S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 21-cv-50077 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Martin J. O'Malley, | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mark A. S., seeks review of the final decision of the Commissioner of the Social Security Administration denying his disability benefits. The parties have filed cross motions for summary judgment [15], [18]. For the reasons set forth below, the Court finds that this matter should be remanded for further proceedings consistent with this opinion.

## BACKGROUND

### A. Procedural History

On November 13, 2018, Mark A. S. ("Plaintiff") filed for disability, disability insurance benefits, and supplemental security income. R. 18. These applications alleged a disability beginning on November 8, 2018. *Id*. The Social Security Administration ("Commissioner") denied his applications on March 15, 2019, and upon reconsideration on July 26, 2019. *Id*. Plaintiff filed a written request for a hearing on August 4, 2019. *Id*. On June 10, 2020, a telephonic hearing was held by Administrative Law Judge ("ALJ") Kevin W. Fallis where Plaintiff appeared and testified. *Id*. Plaintiff was represented by counsel. *Id*. Pauline A McEachin, an impartial vocational expert ("VE"), also appeared and testified. *Id*.

On August 18, 2020, the ALJ issued his written opinion denying Plaintiff's claims for disability, disability insurance benefits, and supplemental security income. R. 18-28. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 4-11. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [6]. Now before the Court are Plaintiff's motion for summary judgment [15], the Commissioner's cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [18], and Plaintiff's reply brief [19].

---

[1] Martin J. O'Malley has been substituted for Kilolo Kijakazi. Fed. R. Civ. P. 25(d).

### B. The ALJ's Decision

In his ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not been engaging in substantial gainful activity since the alleged onset date of November 8, 2018. R. 21. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, asthma, hypertension, hypothyroidism, and degenerative disc and joint diseases (primarily in the thoracic spine and knees). *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform sedentary work but with the following limitations: never climb ladders, ropes, or scaffolds, occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl, avoid concentrated exposure to extreme heat, extreme cold, humidity, and environmental irritants such as fumes, odors, dust, and gases, avoid concentrated use of hazardous moving machinery, and avoid all exposure to unprotected heights. R. 22. At step four, the ALJ found that Plaintiff was unable to perform past relevant work. R. 25. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. R. 26. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from November 8, 2018, through the date of decision, August 18, 2020. R. 27.

### STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the

2

evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

Plaintiff argues that the ALJ (1) erred in determining Plaintiff's RFC and (2) erred at step 5 due to the VE's alleged misclassification of Plaintiff's prior work experience. The Court finds that the ALJ's determination of Plaintiff's RFC was not supported by substantial evidence and remands the case for further proceedings consistent with this opinion.

When determining a claimant's RFC, an ALJ must "evaluate the intensity and persistence of [claimant's] symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." SSR 16-3p. In this case, the ALJ concluded that Plaintiff could occasionally stoop, kneel, crouch, or crawl. R. 22. In reaching this conclusion, the ALJ first discounted administrative medical findings indicating that Plaintiff could "perform a reduced range of light-to-sedentary work." R. 25. These findings included determinations that, among Plaintiff's limitations, he could frequently stoop and occasionally kneel, crouch, or crawl. R. 25, 82. The ALJ found that "these opinions are unpersuasive because the evidence produced at the hearing level showing active pathology in the knees coupled with the claimant's morbid obesity supports greater exertional and nonexertional limitations." R. 25. Despite this conclusion, the ALJ went on to state that Plaintiff's impairments do not warrant greater limitations due to Plaintiff's "conservative treatment history." *Id*. While an ALJ may consider the conservative nature of a claimant's treatment in assessing the credibility of symptoms, an ALJ may not "make assumptions about the claimant's failure to seek treatment." *Annette S. v. Saul*, 2021 WL 1946342, at *12 (N.D. Ill. May 14, 2021). Plaintiff does not dispute that his treatment was conservative, but he argues that the ALJ improperly relied on that conservative treatment history because he did not consider that Plaintiff could not seek other treatment at that time. The ALJ stated that "[t]here is no indication from the record that [Plaintiff's] spinal or joint disorders warrant surgical intervention." R. 23. However, Plaintiff's physician stated in the medical records that Plaintiff "needs to lose weight before he can do much in terms of fixing [his knees] i.e. replacement." R. 320. While no joint surgery was ever prescribed, there are indications in the record, in addition to Plaintiff's testimony, R. 56, that such additional surgery was warranted. *Cf. Plessinger v. Berryhill*, 900 F.3d 909, 915 (7th Cir. 2018) (ALJ erred by misconstruing doctor's opinion that "surgery might not be the best treatment option" to support a conclusion that claimant's condition was not severe, overlooking the fact that, due to another condition, surgery "was less promising than it would otherwise be."). Therefore, the ALJ improperly relied on Plaintiff's conservative treatment history in concluding that Plaintiff could occasionally stoop, kneel, crouch, or crawl.

Additionally, the ALJ did not adequately consider the consultative examiner's finding that Plaintiff could not squat. R. 330. The ALJ did note that the consultative examiner had observed that Plaintiff had "difficulty performing some maneuvers engaging the lower extremities." R. 24. However, the ALJ went on to conclude that "the findings in the exam generally mirror the findings in the longitudinal treatment notes, all of which collectively support the . . . postural . . . limitations noted in the above [RFC]." *Id*. Given the consultative examiner's finding that Plaintiff could not squat, the ALJ's conclusion is not adequately supported by the evidence. While an ALJ does not

3

need to "address every piece of evidence," the ALJ must "provide a logical bridge between the evidence and [the] conclusions." *Bakke*, 62 F.4th at 1066. In this case, the ALJ did not build a logical bridge between his conclusion that Plaintiff could occasionally stoop, kneel, crouch, or crawl, and the findings of the consultative examiner and the other medical evidence in the record, including "laboratory tests [that] revealed chondromalacia with joint effusion and a Baker's cyst in [Plaintiff's] knee joints," and medical findings that showed that Plaintiff had "tenderness, crepitus, restricted range of motion, and some swelling in the knees." R. 23, 25. The failure to consider the consultative examiner's finding alone is grounds for remand. *See Spicher v. Berryhill*, 898 F.3d 754, 758-759 (7th Cir. 2018) (finding that claimant could not squat undercut ALJ's finding that claimant could stoop, kneel, crouch, or crawl). *See also Thomas v. Colvin*, 534 Fed. Appx. 546, 551 (7th Cir. 2013) (finding that ALJ erred by failing to resolve inconsistencies between report that claimant "was unable to squat" and only had fifty degrees of lower back flexion and the conclusion that claimant could occasionally stoop, kneel, crouch, or crawl).

The ALJ also did not include a requirement of leg elevation among Plaintiff's limitations because he concluded that "the evidence of record does not show a medically documented need to elevate the claimant's legs as an ongoing functional limitation[]." R. 24. In reaching this conclusion, he cited to the instructions of an advanced practice registered nurse ("APRN") that Plaintiff elevate his legs "if able." *Id*. The ALJ dismissed this opinion as "cursory" and "unpersuasive" because there was no evidence of record showing a "medically documented need" for Plaintiff to elevate his legs. *Id*. However, the ALJ did not explain why "instructions" from an APRN, a medical professional, were insufficient to establish a medically documented need for leg elevation. R. 635. The APRN's notes indicate that she addressed multiple issues with Plaintiff including "edema of both legs," then instructed him to elevate his legs "if able" as part of his treatment plan. *Id*. APRNs are acceptable medical sources under the regulations in effect at the time Plaintiff's claim was filed. 20 C.F.R. § 416.902(a)(7). Additionally, the ALJ did not consider the April 8, 2019 assessment of Dr. Eric Trautmann, in which the physician "stressed [the] importance of [Plaintiff] resting with feet elevated when he is not active" as a treatment for bilateral lower extremity edema. R. 352. Therefore, his decision to not include a leg elevation requirement necessitates a finding that Plaintiff's RFC was not supported by substantial evidence.

Even if any of these errors were harmless in isolation, considering the cumulative effect of the errors, the Court cannot say "with great confidence" that the result would be the same on remand. *Smith v. Astrue*, 467 Fed. Appx. 507, 511 (7th Cir. 2012).

## CONCLUSION

In light of the foregoing discussion, the Court need not consider or offer any opinion as to the other bases of error Plaintiff raised. This matter is remanded for further proceedings consistent with this opinion.

Date:  September 24, 2024                    ENTER:

_Margaret J. Schneider_
United States Magistrate Judge

4